Entered: July 18th, 2019
Signed: July 18th, 2019

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | |
| | | Chapter 11 |
| **APG SUBS, INC.**, *et al.*, | * | Case No. 19-18315-DER |
| | | (jointly administered) |
| Debtors.[1] | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

## SECOND INTERIM CONSENT ORDER GRANTING EMERGENCY MOTION BY DEBTORS FOR AUTHORITY TO USE CASH COLLATERAL

Upon consideration of the Emergency Motion by Debtors for Authority to Use Cash Collateral (the "Cash Collateral Motion") [Dkt. No. 9, June 19, 2019], the Court having conducted an emergency interim hearing on the Cash Collateral Motion on June 20, 2019 at which respective counsel for the Debtors and Xenith Bank (the "Lender"), a division of Atlantic Union Bank, placed on the record the terms of an agreement with respect thereto as memorialized by an Interim Consent Order Granting Emergency Motion by Debtors for Authority to Use Cash Collateral (the "First Interim Order") [Dkt. No. 14, June 21, 2019]

---

[1] The Debtors (and, individually, a "Debtor") in these Chapter 11 cases are: (1) APG Subs, Inc. (Case No. 19-18315); (2) CRW Foods, Inc. (Case No. 19-18318); (3) HRK Group, Inc. (Case No. 19-18320); (4) Ray's Subway, Inc. (Case No. 19-18322); and (5) Shore Foods, Inc. (Case No. 19-18324).

1

which, *inter alia*, authorized the Debtors' use of cash collateral through June 20, 2019, and the Debtors and Lender having reached an agreement on the Debtors' continued use of cash collateral on an interim basis in accordance with the terms of this Second Interim Consent Order Granting Emergency Motion by Debtors for Authority to Use Cash Collateral (the "Second Interim Order"), the Court having conducted a continued hearing on the Cash Collateral Motion on July 18, 2019 and good cause appearing therefore, and the parties having stipulated and consented, as evidenced by the signatures of their respective representatives below, that:

1.    On June 19, 2019 (the "Petition Date"), the Debtors filed voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

2.    Since the initiation of this bankruptcy case, the Debtors have remained in possession of their property and continue to manage their financial affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.    Prior to the Petition Date, the Debtors, among others, entered into a commercial loan facility with the Lender in the principal amount of One Million Two Hundred Sixty Thousand Dollars ($1,260,000) (the "Loan") as is evidenced by, among other things, a Promissory Note and certain Commercial Security Agreements each dated February 16, 2017 (the Promissory Note and the Commercial Security Agreements, together with all other documents executed in connection with the Loan are hereinafter collectively referred to as, the "Loan Documents"). In connection with the Loan and so as to secure the repayment of the same, the Debtors granted the Lender blanket security interests in and liens on substantially all of each respective Debtor's property, including, but not limited to, all inventory, equipment, accounts, accounts receivable, chattel paper, instruments, letter-of-credit rights, letters of credit,

documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles, as well as products and proceeds of the foregoing, as more fully described in the respective Loan Documents (collectively, the "Collateral"). The Lender has properly recorded financing statements covering the Collateral (the "Financing Statements"), such that the Loan Documents and Financing Statements grant to the Lender a duly perfected, first priority, security interest in, among other things, the Collateral and the profits, offspring and proceeds derived therefrom.

4.    Additionally, on or about April 11, 2019, the Circuit Court for Harford County, Maryland entered a judgment by confession (the "Judgment") against the Debtors, among others, jointly and severally, in the amount of $1,228,868.09, plus post-judgment interest thereafter at the legal rate and costs.

5.    The Lender's Collateral in the form of cash, negotiable instruments, securities, deposit accounts, and cash equivalents, and the profits, offspring and proceeds of the Collateral constitute cash collateral within the meaning of Section 363(a) of the Bankruptcy Code and may be used by the Debtors only with the consent of the Lender or upon Order of this Court.

6.    On the Petition Date, the Debtors moved for authorization to use cash collateral and to grant certain adequate protection therefor to the Lender. The First Interim Order and the authorization to use the cash collateral pursuant to the terms and conditions contained therein is set to expire on July 20, 2019. The continued use of the cash collateral by the Debtors is necessary to avoid immediate and irreparable harm to the Debtors' bankruptcy estates pending a final hearing on the Cash Collateral Motion.

7.    In order to further authorize the Debtors use of the cash collateral and so as to avoid immediate and irreparable harm to the Debtors' bankruptcy estates, while allowing the

3

parties to continue to engage in good faith negotiation regarding the Loan, the Collateral, and related matters, the parties at this time seek the entry of this Second Interim Order pending such further continued interim or final hearing on the Cash Collateral Motion.

IT IS, THEREFORE, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, the Debtors are authorized to use cash collateral to pay reasonable and ordinary operating expenses in conformity with and not to exceed the amounts set forth on each of the Debtor's respective budgets attached as Exhibit 1 to this Second Interim Order, subject to a 10% variance as to any expense line item. The authorization to use cash collateral pursuant to this Second Interim Order shall expire upon the earlier of: (1) September 27, 2019; or (2) the date the Lender serves and files a notice of an Event of Default of the terms of this Second Interim Order; and it is further

ORDERED, as adequate protection for the use of cash collateral, the Debtors shall make monthly payments to the Lender in the amount of $6,100.00 on or before August 1, 2019, and September 1, 2019 (each, an "Adequate Protection Payment"); and it is further

ORDERED, so long as the Lender has not filed a notice of Event of Default, during the term of this Second Interim Order, Ray's Subway, Inc. shall not be required to withhold any portion of the $96,000.00 salary of Raymond H. Burrows, III ("Mr. Burrows") despite the Writ of Garnishment of Wages served on Ray's Subway, Inc. with respect to wages due and owing to Mr. Burrows; and it is further

ORDERED, it shall be an Event of Default under the terms of this Second Interim Order if the Debtors: (1) fail to make an Adequate Protection Payment immediately when due; (2) use cash collateral other than in accordance with the terms of this Second Interim

4

Order and such use is not otherwise approved by the Lender or authorized by the Court; or (3) fail to provide to the Lender the reports required under this Second Interim Order (*see infra*), time being of the essence; and it is further

ORDERED, as additional adequate protection for the Lender's interests, the Lender is granted a replacement lien in the Debtors' post-petition cash collateral and assets of the same priority and to the same extent as its pre-petition security interests in the Collateral, and all profits, offspring and proceeds of the Collateral hereafter acquired, to the extent of the Debtors' use of such cash collateral results in a diminution in value of the Lender's position; and it is further

ORDERED, that the replacement lien granted hereby shall become and is duly perfected without the necessity for filing or execution of documents which might otherwise be required pursuant to applicable non-bankruptcy law for the creation or perfection of such security interest, shall survive the termination of this Second Interim Order or the conversion of this case to a case under Chapter 7 of the Bankruptcy Code, and shall be binding upon any subsequently appointed trustee and upon all creditors of the Debtors and their bankruptcy estates; and it is further

ORDERED, that beginning on Friday, July 19, 2019, and on each Friday thereafter until the expiration of this Second Interim Order, the Debtors shall provide to Lender within five (5) business days from each aforementioned Friday: (i) statements from all debtor-in-possession bank accounts, and any other bank account controlled by the Debtors; and (ii) statements (in a format similar to the budget attached to the Cash Collateral Motion) of each respective Debtor's revenue for the immediately preceding calendar week and details of all amounts paid and accrued during the immediately preceding calendar week; and it is further

ORDERED, that the Debtors shall maintain insurance on the Collateral; and it is further

ORDERED, that nothing in this Second Interim Order shall be construed as a waiver of any of the Lenders' rights under any of the Loan Documents, the Judgment and/or applicable law; and it is further

ORDERED, that the Court shall conduct a continued hearing on the Cash Collateral Motion on September 25, 2019, at 11:00 a.m.

AGREED AND CONSENTED TO:

/s/  Scott W. Foley
Scott W. Foley, Esquire (Bar No. 25963)
Daniel Zeller, Esquire (Bar No. 28107)
Shapiro Sher Guinot & Sandler
250 West Pratt Street
Suite 2000
Baltimore, MD 21201
410-385-4234
swf@shapirosher.com
Attorney for Xenith Bank, a division of
Atlantic Union Bank, Lender

/s/  Marc R. Kivitz
Marc R. Kivitz, Esquire
Trial Bar No. 02878
Suite 1330
201 North Charles Street
Baltimore, MD 21201
(410) 576-0140
mkivitz@aol.com
Attorney for Debtors

Reviewed with no opposition:

/s/     Katherine A. Levin
Katherine A. Levin, Esquire
Trial Attorney for Assistant U.S. Trustee
Suite 2625, 101 W. Lombard St.
Baltimore, MD 21201

## CONSENT CERTIFICATION

I HEREBY CERTIFY that the terms of the copy of this Second Interim Order submitted to the Court are identical to those set forth in the original Second Interim Order, and the signatures represented by the /s/_____ on this copy have been authorized and reference the signatures of the consenting parties on the original Second Interim Order.

/s/     Marc R. Kivitz
Marc R. Kivitz

6

cc:    All Parties
        All Counsel

Burrows cash collateral second interim order445 pm  07-17-19

## -END OF ORDER-

| | |
|---|---|
| | |
| | |
| APG Subs Inc. | $3,618.62 |
| CRW Foods Inc. | $1,700.99 |
| HRK Group Inc. | $2,433.79 |
| Ray's Subway Inc. | $68.09 |
| Shore Foods Inc. | $275.25 |
| **Total of 5 Corporations:** | **$8,096.74** |

**APG Subs Inc.**

| | |
|---|---:|
| 1. Gross 75-Day Income: | $128,055.49 |
| | |
| Estimated Future Monthly Expenses: | |
| 2. Employee Payroll | $40,144.90 |
| 3. Worker's Compensation | $400.00 |
| 4. Employee Benefits (pension, medical, etc) | $130.00 |
| 5. Inventory Purchases (Food) | $39,697.21 |
| 6. Royalties | $10,244.45 |
| 7. Ad. Royalty | $5,762.51 |
| 8. Rent (Other than debtor's principle residence) | $10,342.62 |
| 9. Utilities | |
|    **Electric** | $350.18 |
|    **Phone/Internet** | $915.00 |
|    **IVR** | $50.00 |
|    **Music** | $0.00 |
| 10. Repairs and Maintenance | $1,250.00 |
| 11. Legal/Accounting/Other Fees | |
|    **Marc Kivitz**[2] | $3,000.00 |
|    **Fisher Ring LLC**[3] | $500.00 |
| 12. Insurance (B.O.P) | $750.00 |
| 13. Insurance (EPLI) | $200.00 |
| 14. Real Estate Taxes | $0.00 |
| 15. Vehicle Expenses | $0.00 |
| 16. Travel and Entertainment | $0.00 |
| 17. Other (Specify): | |
|    **IRS** | $0.00 |
|    **Back Sales Tax**[1] | $0.00 |
|    **Miscellaneous** | $700.00 |
| 18. Management Fees to Ray's Subway Inc. | $10,000.00 |
| 19. Total Monthly Expenses: | **$124,436.87** |
| **20. Estimated Average Net Monthly Income:** | **$3,618.62** |
| | |
| [1]$600.00 is going towards past due sales tax | |
| [2]$3000.00 is going towards attorney fees | |
| [3]$500.00 is going towards accountant fees | |

**CRW Foods Inc.**

| | |
|---|---|
| 1. Gross 75-Day Income: | $76,521.43 |
| | |
| Estimated Future Expenses: | |
| 2. Employee Payroll | $19,130.36 |
| 3. Worker's Compensation | $250.00 |
| 4. Employee Benefits (pension, medical, etc) | $0.00 |
| 5. Inventory Purchases (Food) | $23,721.65 |
| 6. Royalties | $6,121.72 |
| 7. Ad. Royalty | $3,443.47 |
| 8. Rent (Other than debtor's principle residence) | $7,078.24 |
| 9. Utilities | |
|    **Electric** | $0.00 |
|    **Phone/Internet** | $500.00 |
|    **IVR** | $25.00 |
|    **Music** | $0.00 |
| 10. Repairs and Maintenance | $700.00 |
| 11. Legal/Accounting/Other Fees | |
|    **Marc Kivitz**[2] | $2,500.00 |
|    **Fisher Ring LLC**[3] | $500.00 |
| 12. Insurance (B.O.P) | $375.00 |
| 13. Insurance (EPLI) | $100.00 |
| 14. Real Estate Taxes | $0.00 |
| 15. Vehicle Expenses | $0.00 |
| 16. Travel and Entertainment | $0.00 |
| 17. Other (Specify): | |
|    **IRS** | $0.00 |
|    **Back Sales Tax**[1] | $0.00 |
|    **Miscellaneous** | $375.00 |
| 18. Management Fees to Ray's Subway Inc. | $10,000.00 |
| 19. Total Monthly Expenses: | $74,820.44 |
| **20. Estimated Average Net Monthly Income:** | **$1,700.99** |
| | |
| [1]$300.00 is going towards past due sales tax | |
| [2]$2,500.00 is going towards attorney fees | |
| [3]$500.00 is going towards accountant fees | |

**HRK Group Inc.**

| | |
|---|---:|
| 1. Gross 75-Day Income: | $158,907.73 |
| | |
| Estimated Future Expenses: | |
| 2. Employee Payroll | $46,347.49 |
| 3. Worker's Compensation | $700.00 |
| 4. Employee Benefits (pension, medical, etc) | $0.00 |
| 5. Inventory Purchases (Food) | $50,830.48 |
| 6. Royalties | $12,712.62 |
| 7. Ad. Royalty | $7,173.35 |
| 8. Rent (Other than debtor's principle residence)[1] | $13,900.00 |
| 9. Utilities | |
| Electric[3] | $8,000.00 |
| Phone/Internet | $950.00 |
| IVR | $50.00 |
| Music | $160.00 |
| 10. Repairs and Maintenance | $1,400.00 |
| 11. Legal/Accounting/Other Fees | |
| Marc Kivitz[4] | $1,500.00 |
| Fisher Ring LLC[5] | $750.00 |
| 12. Insurance (B.O.P) | $750.00 |
| 13. Insurance (EPLI) | $100.00 |
| 14. Real Estate Taxes | $400.00 |
| 15. Vehicle Expenses | $0.00 |
| 16. Travel and Entertainment | $0.00 |
| 17. Other (Specify): | |
| IRS | $0.00 |
| Back Sales Tax[2] | $0.00 |
| Miscellaneous | $750.00 |
| 18. Managment Fees to Ray's Subway Inc. | $10,000.00 |
| 19. Total Monthly Expenses: | $156,473.94 |
| **20. Estimated Average Net Monthly Income:** | **$2,433.79** |

| | |
|---|---|
| [1]$2,691.88 is going towards back rent | |
| [2]$500.00 is going towards past due sales tax | |
| [3]$2,500.00 is going towards post petition utility security deposits | |

**HRK Group Inc.**

| | |
|---|---|
| [4]$1,500.00 is going towards attorney fees | |
| [5]$750.00 is going towards accountant fees | |

**Ray's Subway Inc.**

| | |
|---|---|
| 1. Gross 75-Day Income: | $565,815.36 |
| 2. Management Fees: | $30,000.00 |
| 3. Total 75-Day Projected Income: | $595,815.36 |
| Estimated Future Expenses: | |
| 4. Employee Payroll | $230,000.00 |
| 5. Worker's Compensation | $2,950.00 |
| 6. Employee Benefits (pension, medical, etc) | $5,000.00 |
| 7. Inventory Purchases (Food) | $181,000.00 |
| 8. Royalties | $45,265.27 |
| 9. Ad. Royalty | $25,461.72 |
| 10. Rent (Other than debtor's principle residence)[1] | $61,085.28 |
| 11. Utilities | |
|     **Electric**[4] | $22,000.00 |
|     **Phone/Internet** | $3,550.00 |
|     **IVR** | $175.00 |
|     **Music** | $560.00 |
| 12. Repairs and Maintenance | $5,200.00 |
| 13. Legal/Accounting/Other Fees | |
|     **Marc Kivitz**[5] | $2,000.00 |
|     **Fisher Ring LLC**[6] | $250.00 |
| 14. Insurance (B.O.P) | $2,500.00 |
| 15. Insurance (EPLI) | $250.00 |
| 16. Real Estate Taxes | $2,000.00 |
| 17. Vehicle Expenses | $4,700.00 |
| 18. Travel and Entertainment | $0.00 |
| 19. Other (Specify): | |
|     **IRS**[3] | $0.00 |
|     **Back Sales Tax**[2] | $0.00 |
|     **Miscellaneous** | $1,800.00 |
| 20. Total Monthly Expenses: | $595,747.27 |
| **21. Estimated Average Net Monthly Income:** | $68.09 |

[1]$8636.60 is going towards back rent

[2]$1,500.00 is going towards past due sales tax

[3]$1,000.00 is going towards past due withholding

[4]$7,600.00 of electric charge is going towards paost petition security deposits

[5]$3,500.00 is going towards attorney fees

**Ray's Subway Inc.**

[6]$5,250.00 is going towards accountant fees

**Shore Foods Inc.**

| | |
|---|---|
| 1. Gross 75-Day Income: | $55,937.52 |
| | |
| Estimated Future Expenses: | |
| 2. Employee Payroll | $19,018.00 |
| 3. Worker's Compensation | $250.00 |
| 4. Employee Benefits (pension, medical, etc) | $0.00 |
| 5. Inventory Purchases (Food) | $17,900.00 |
| 6. Royalties | $4,475.01 |
| 7. Ad. Royalty | $2,517.19 |
| 8. Rent (Other than debtor's principle residence)[1] | $4,632.07 |
| 9. Utilities | |
|    **Electric**[2] | $3,000.00 |
|    **Phone/Internet** | $390.00 |
|    **IVR** | $25.00 |
|    **Music** | $80.00 |
| 10. Repairs and Maintenance | $750.00 |
| 11. Legal/Accounting/Other Fees | |
|    **Marc Kivitz**[4] | $1,000.00 |
|    **Fisher Ring LLC**[5] | $500.00 |
| 12. Insurance (B.O.P) | $375.00 |
| 13. Insurance (EPLI) | $100.00 |
| 14. Real Estate Taxes | $250.00 |
| 15. Vehicle Expenses | $0.00 |
| 16. Travel and Entertainment | $0.00 |
| 17. Other (Specify): | |
|    **IRS** | $0.00 |
|    **Back Sales Tax**[3] | $0.00 |
|    **Miscellaneous** | $400.00 |
| 18. Total Monthly Expenses: | **$55,662.27** |
| **19. Estimated Average Net Monthly Income:** | **$275.25** |
| [1]$661.73 is going towards back rent | |
| [2]$1,000.00 is going towards post petition security utility deposit | |
| [3]$250.00 is going towards past due sales tax | |
| [4]$1000.00 is going towards attorney fees | |
| [5]$500.00 is going towards accountant fees | |