Entered: July 17th, 2023
Signed: July 14th, 2023

**SO ORDERED**

DAVID E. RICE
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CASE NO. 19-18315-DER |
| APG SUBS, INC., *et al.* | * | Chapter 11 |
| | * | Consolidated Cases |
| Debtors | * | |
| | * | |

* * * * * * * * * * * * *

**CONSENT ORDER RESOLVING OBJECTIONS TO CLAIMS**

This Consent Order Resolving Objections to Claims is made and agreed to by Ray's Subway, Inc. ("Debtor") and the Internal Revenue Service (collectively, "the Parties").

**WHEREAS**, the Internal Revenue Service filed Proofs of Claim (Claim No. 1 and amendments) and Requests for Payment of Administrative Taxes (Claim No. 12 and amendments) concerning the tax liabilities of Ray's Subway, Inc.;

**WHEREAS**, Ray's Subway, Inc. filed multiple objections (ECF 346, 349, 350, 369) to the Proofs of Claim and Requests for Payment of Administrative Taxes filed by the Internal Revenue Service concerning Ray's Subway, Inc.;

**WHEREAS**, the Internal Revenue Service acknowledged that it misapplied certain post-petition tax payments to pre-petition liabilities in violation of the automatic stay, and the Internal Revenue Service refunded most of such payments;

**WHEREAS**, the Parties engaged in lengthy discussions to achieve an out-of-court resolution of Ray's Subway, Inc.'s objections; and

**WHEREAS**, the Internal Revenue Service is waiving applicable penalties for the tax liabilities at issue as part of the compromise memorialized in this Consent Order, and reserves all rights to collect such penalties in the event of a final default as defined herein below;

**WHEREAS**, the Internal Revenue Service has agreed to pay a reasonable attorney fee to counsel for Ray's Subway, Inc. and HRK Group, Inc., in the amount of $60,000.00 in light of the violation of the automatic stay and in resolution of this matter; and

Accordingly, upon consideration of the Objections (ECF 346, 349, 350, 369) filed by Ray's Subway, Inc., debtor, to the Proofs of Claim and Requests for Payment of Administrative Taxes filed by the Internal Revenue Service (ECF 346-1, 369-1, 369-3), and the Responses by each party to the pleadings filed by each party (ECF 354, 365, 373, 381), and upon the consent of the parties as evidenced by the signatures below of their respective representatives, it is therefore by the United States Bankruptcy Court for the District of Maryland

ORDERED that the Objections filed by Ray's Subway, Inc., Debtor, to the Proofs of Claim and Requests for Payment of Administrative Taxes filed by the Internal Revenue Service, be, and he same are hereby, sustained without prejudice in the event of a default; and be it further

ORDERED that the Proofs of Claim and Requests for Payment of Administrative Taxes filed by the Internal Revenue Service against Ray's Subway, Inc., be, and the same are hereby, Disallowed, subject to reinstatement in the event of a default, and be it further

ORDERED that the Internal Revenue Service and Ray's Subway, Inc., agree that the taxes, penalty, and interest owed by Ray's Subway, Inc., through and including April 30, 2023, as contemplated by this Consent Order are as follows:

| Form | Period | Tax | Penalty | Interest | Total |
|---|---|---|---|---|---|
| 940 | 2003 12 | $ 0.00 | $ 0.00 | $ 0.00 | |
| 941 | 2010 12 | $ 1,008.54 | $ 0.00 | $ 605.92 | |
| 941 | 2018 12 | $ 17,629.00 | $ 0.00 | $ 3,644.26 | |
| 941 | 2019 09 | $ 27,766.32 | $ 0.00 | $ 4,377.69 | |
| 941 | 2019 12 | $ 671.26 | $ 0.00 | $ 96.10 | |
| | **Total** | **$ 47,075.12** | **$ 0.00** | **$ 8,723.97** | **$ 55,799.09** |

; and be it further

ORDERED that the interest calculation shall be updated to reflect interest due on the above-referenced amounts as of the date of entry of this Consent Order; and be it further

ORDERED that the Internal Revenue Service shall apprise Ray's Subway, Inc., of the Total Amount Due (tax plus interest through the date of this Consent Order) within five (5) business days following the date of the entry of this Consent Order; and be it further

ORDERED that the Total Amount Due shall be repaid with interest at the fixed annual interest rate of 7.43 percent (7.43 %) over a term of forty-eight (48) months in equal monthly installments with the first such payment due from Ray's Subway, Inc., on the first (1st ) day of the month first occurring more than twenty (20) days following the date of the entry of this Consent Order. The applicable interest rate during the repayment period can be adjusted to the applicable quarterly rate upon request of the Debtor one month in advance of the next payment due; and be it further

ORDERED that Form 940 liability for the tax period ending December 31, 2003, is satisfied, as shown in the chart above, and Debtor is not entitled to any refund or other application of funds credited or received by the Internal Revenue Service to or for this period; and be it further

ORDERED that all payments the debtor is required to make pursuant to this Consent Order shall be made by mailing a check to the Internal Revenue Service's Baltimore, Maryland, Insolvency Unit addressed as follows:

Internal Revenue Service
Insolvency Unit
31 Hopkins Plaza, Room 1150
Baltimore, MD 21201
Attn: Lisa Jiggetts, Specialist

or as otherwise agreed to by the Internal Revenue Service and the Debtor.

ORDERED that the Debtor's failure to make any payment provided for by this Consent Order on its due date is an event of default. Upon a failure to make any payment provided for by this Consent Order, the Internal Revenue Service will provide to the debtor at rayburrows3@aol.com and to the debtor's undersigned counsel at mkivitz@aol.com notice of default. The Internal Revenue Service also will provide notice of default by mailed letter to Marc R. Kivitz, Esquire, 201 North Charles Street, Suite 1330, Baltimore, MD 21201. Any failure to cure the default within ten (10) business days of the date of the notice of default will constitute a final default of this Consent Order. Calculation of the ten (10) business days starts from the date appearing on the letter mailed to Marc R. Kivitz, Esquire. The debtor shall have two (2) opportunities to be in default, to receive Notice of default, and to cure that default within the ten (10) business day cure period, however, in the event that the debtor shall be in default a third time, then the debtor shall be in default of the terms of this Consent Order without any further opportunity to cure which shall be a final default. Upon final default of this Consent Order, all the Internal Revenue Service's claims and requests for payment, including penalties, will be restored in full and the

Internal Revenue Service shall be permitted to collect the restored liabilities outside of bankruptcy or any Plan of Reorganization; and be it further

ORDERED that in consideration of the application by the Internal Revenue Service of the Debtor's post-petition tax payments to the payment of alleged pre-petition tax obligations without the filing of, nor grant of, a motion for relief from the automatic stay in favor of the Internal Revenue Service, the Internal Revenue Service shall pay Sixty Thousand Dollars ($60,000.00) to Marc R. Kivitz, Esquire, counsel for the Debtor, as an agreed, settled and compromised reasonable attorney's fee and expenses incurred by the Debtor in the preparation, filing, and pursuit of its Objections. This payment will be made by the Judgment Fund to Marc R. Kivitz, Esquire, to Bank of America, N.A., account titled "MARC R KIVITZ ATTY MD/IOLTA - ATTY ESCROW ACCT" Account number: 0039 2011 0404, and the Internal Revenue Service within ten (10) business days following the date of the entry of this Consent Order shall submit electronically to the Judgment Fund a copy of this Consent Order and shall use its best efforts to ensure that this payment is timely made within thirty (30) days following the date of the entry of this Consent Order. Debtor and the Internal Revenue Service acknowledge that processing and payment is made by the Judgment Fund, which the Internal Revenue Service has designated as its agent to make the payment to which the Internal Revenue Service has agreed in this Consent Order. Debtor and the Internal Revenue Service acknowledge that the Judgment Fund is not a party to this Consent Order. Debtor and the Internal Revenue Service further acknowledge that the Internal Revenue Service has no control over the length of time the Judgment Fund takes to make the payment to Mr. Kivitz.

AGREED AND CONSENTED TO:

| | |
|---|---|
| /s/ Marc R. Kivitz | /s/ Rebecca A. Koch |
| Marc R. Kivitz, Esquire | Rebecca A. Koch, Esquire |

Suite 1330, 201 North Charles Street
Baltimore, MD 21201
(410) 625-2300
mkivitz@aol.com
Attorney for debtor

Assistant United States Attorney
6406 Ivy Lane, Suite 800
Greenbelt, MD 20770
(301) 344-4233
rebecca.koch@usdoj.gov
Attorney for Internal Revenue Service

**CONSENT CERTIFICATION**

I HEREBY CERTIFY that the terms of the copy of this Joint Motion submitted to the Court are identical to those set forth in the original, and the signatures represented by the /s/__________ on this copy have been authorized and reference the signatures of the consenting parties on the original Consent Order.

/s/ Marc R. Kivitz
Marc R. Kivitz

Cc: Marc R. Kivitz, Esquire
Suite 1330
201 North Charles Street
Baltimore, MD 21201

Rebecca A. Koch, Esquire
Assistant United States Attorney
6406 Ivy Lane, Suite 800
Greenbelt, MD 20770

Hugh M. Bernstein, Esquire
Attorney for Assistant U. S. Trustee
101 W. Lombard Street. Suite 2650
Baltimore, MD 21201

Alan M. Grochal, Esquire
Tydings & Rosenberg, LLP
1 East Pratt Street, Suite 901
Baltimore, MD 21202

Jan I. Berlage, Esquire
201 North Charles Street
Suite 2101
Baltimore, MD 21201

Raymond H. Burrows, III, President
Ray's Subway, Inc.
2108 Emmorton Park Road
Suite 203
Edgewood, MD 21040

Sanford R. Fisher, C.P.A.
Fisher Ring LLC
5300 Dorsey Hall Dr., Suite 201
Ellicott City, MD 21042-7818

TRIAL OBJCLAIM RAYS order CONSENT5 07 13

**END OF ORDER**